MATTER OF UNNISA

In Section 248 Proceedings

A-17759089

*Decided by Regional Commissioner September 21, 1967*

Application under section 248, Immigration and Nationality Act, for a change of nonimmigrant status from that of temporary visitor to that of an exchange visitor is denied where the applicant's proposed activity—"operating room procedures"—as described in Form DSP 66 issued by the program sponsor is found, after consultation with the Office of Facilitative Services of the Department of State which administers the exchange visitor program, not to be within the purview of the sponsor's exchange program approved for professionally approved medical internships, residencies, and courses in medical and x-ray technology since applicant has not yet passed the ECFMG examination, a prerequisite for engaging in the exchange program for interns and residents, and her proposed activity does not constitute a course in medical or x-ray technology.

The case is on appeal from the District Director's denial of the application to change nonimmigrant status from that of a visitor to that of a participant in an exchange-visitor progam.

The applicant is a citizen of India, unmarried, female, born in that country on August 10, 1942. She was admitted to the United States as a visitor on January 8, 1967, until July 7, 1967. She filed the instant application on June 26, 1967.

The application, which was accompanied by a Form DSP-66 issued by Little Company of Mary Hospital, Evergreen Park, Illinois, shows her occupation to be medical doctor and her desire to have her nonimmigrant status changed in order to undergo "training in operating room procedure".

The Form DSP-66 states that the applicant has been selected to participate in the hospital's Exchange-Visitor Program P-II-1191, which is officially described as follows:

A program to provide at the Hospital (1) professionally approved medical internships, for foreign medical graduates, (2) professionally approved medical residencies in the specialties offered, for foreign medical graduates, (3) a professionally approved course in medical technology, for qualified foreign students, and (4) a professionally approved course in x-ray technology, for qualified for-

eign students, to enable such foreign nationals to pursue training in their respective fields in the United States and to promote the general international exchange.

The Form DSP–66 then states that the applicant will engage in the following activities under the program: "operating room procedures."

The District Director consulted the Bureau of Educational and Cultural Affairs of the Department of State, which administers the exchange-visitor program of the United States. The response of the Chief of the Facilitative Services Staff of that Bureau states that the Department does not recommend the change of status to that of exchange visitor. The letter points out that the Form DSP–66 vaguely describing the applicant's activities as "operating room procedures" shows a lack of a specific, expeditious training objective. The letter also points out that, if the applicant is attempting to initiate a clinical training program without the requisite certification by the Educational Council for Foreign Medical Graduates, she is not eligible for exchange-visitor status, and the hospital would be in violation of its exchange-visitor program. The Bureau sent a copy of this letter to the Educational Council for Foreign Medical Graduates.

A copy of the ensuing letter from the Associate Executive Director of the Educational Council for Foreign Medical Graduates to the Chief of the Facilitative Services Staff of the Bureau of Educational and Cultural Affairs was sent to our District Director. The letter states that the applicant failed two ECFMG examinations and was scheduled to take the examination again on September 13, 1967. It also states that, without certification by the Council, she is not eligible for any appointment as an intern or resident in an approved hospital in the United States.

The District Director denied the application on the ground that the description of the activity in which the applicant would engage, as shown on the Form DSP–66, is vague and shows a lack of a specific, expeditious training objective, and the Bureau of Educational and Cultural Affairs does not recommend the proposed change of status.

On appeal, the applicant describes the "operating room procedures" mentioned on the Form DSP–66 as consisting of "assisting as first or second assistant to all the general and gynecology surgery cases and learning the steps of operating procedure." She claims that "according to hospital authority" this comes under item (3) of the program description set forth above. The applicant also states that she will appear for an ECFMG examination on September 13, that the results will be announced by the end of November 1967, and that, after successfully completing the examination, she will be moved up to item (1) in the hospital's exchange-visitor program description.

447

It appears to us that the operating room activities described would not constitute a course in medical technology, but medical or surgical training, for the time being, at least, without an approved medical internship. Therefore, we find it has not been established that the activities in which she would engage at this time are within the scope of the hospital's officially-described exchange-visitor program. Accordingly, we conclude that she is not eligible for exchange-visitor status on her present application. The appeal will be dismissed.

*It is ordered* that the appeal be and is hereby dismissed.